584

773 S.E.2d 576

**In the Matter Harry R. EASTERLING, Respondent.**

**Appellate Case No. 2015–001191.**

Supreme Court of South Carolina.

June 5, 2015.

## ORDER

The Office of Disciplinary Counsel (ODC) has filed a petition seeking to appoint the Receiver or a Special Receiver to protect the interests of respondent and his clients pursuant to Rule 31, RLDE, of Rule 413, SCACR. The request is based on respondent's current medical condition.

IT IS ORDERED that respondent is hereby enjoined from taking any action regarding any trust, escrow, operating, and any other law office account(s) respondent may maintain at any bank or other financial institution, including, but not limited to, making any withdrawal or transfer, or writing any check or other instrument on the account(s).

IT IS FURTHER ORDERED that the Receiver, Peyre T. Lumpkin, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may have maintained. Mr. Lumpkin shall take action as required by Rule 31, RLDE, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may have maintained that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow, operating accounts and/or any other law office accounts of respondent shall serve as notice to the bank or other financial institution that Peyre T. Lumpkin has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre T. Lumpkin, Esquire, has been duly appointed by this

Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

/s/Jean H. Toal, C.J.
  FOR THE COURT